UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN C. BLACK,

    Plaintiff,

v.

THE BANK OF NEW YORK
MELLON,

    Defendant.

Case No. 1:21-cv-59
JUDGE DOUGLAS R. COLE
Magistrate Judge Bowman

## ORDER

In a Report and Recommendation (Doc. 4), the Magistrate Judge advises the Court to dismiss Sean Black's Complaint (Doc. 3) with prejudice for failure to state a claim. For the reasons briefly discussed below, and especially given the lack of any objections to the R&R, the Court **ADOPTS** the R&R's (Doc. 4) recommendation to dismiss, but the Court **DISMISSES** the matter **WITHOUT PREJUDICE** (rather than with prejudice, as the R&R suggests). The Court further **CERTIFIES**, under 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be made in good faith and therefore **DENIES** Black leave to appeal in forma pauperis.

Sean Black, proceeding pro se, filed his Complaint against the Bank of New York Mellon in February 2021. He alleges that the Bank stole his home during the 2008 financial crisis. (Doc. 3, #18). He also seems to allege that his name was on the deed of the house, but not the mortgage—though errors in his writing make his allegations unclear. (*See id.*). He asks for damages for the 13 years of homelessness,

poverty, and mental distress that followed. (*Id.*). He also seems to suggest that he is owed damages for not knowing about Troubled Asset Relief Program. (*See id.*).

Since Black proceeds in forma pauperis, the Magistrate Judge screened his Complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B). Based on her review of the Complaint, the Magistrate Judge concluded that it did not meet the pleading standards in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Doc. 4, #23). Thus, she concludes that the Complaint fails to state a claim and recommends that the Court dismiss the case with prejudice.

The Magistrate Judge filed the R&R (Doc. 4) on February 4, 2021. The R&R included a notice informing both parties that failure to object to its conclusions within fourteen days may cause forfeiture of certain rights on appeal, including the right to review by this Court. (*Id.* at #24); *see Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) ("fail[ure] to file an objection to the magistrate judge's R & R ... is forfeiture"). Neither party objected to the R&R.

But the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Redmon v. Noel*, No. 1:21-cv-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (collecting cases). Consistent with that charge, the Court has reviewed the R&R and determined that

2

it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes).

As the R&R rightly notes, "[a]lthough a complaint need not contain 'detailed factual allegations,' it must provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (Doc. 4, #23) (citing *Iqbal*, 556 U.S. at 678). Black's Complaint is a quintessential example of an "unadorned, the-defendant-unlawfully-harmed-me accusation." Here is his entire statement of claim, unedited: "THIS BANK STOLEN MY HOME UNDER ME DURING THE CRISIS IN 2008 MY WAS ON THE DEED NOT THE MORGAGE AT 2625 CLEINVIEW AVE CINCINNATI, OHIO 45206." (Doc. 3, #18).

All Black says is that the bank stole his home. This is a legal conclusion, not a factual allegation—the Court cannot accept the former as the latter. *See Twombly*, 550 U.S. at 555. Instead, he needs to offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). But he offers no additional allegations to make plausible that the bank stole his house. Because his Complaint does not meet the pleading standards in *Twombly* and *Iqbal*, the Court agrees with the R&R's recommendation to dismiss his Complaint.

But the R&R also suggests that Black's claim is "fantastic or delusional." (Doc. 4, #22 (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010)). And it suggests that his claim is untimely. (*Id.* at #23). The Court will not reach either point. It does not have enough facts to gauge the frivolousness of the claim. And without properly

3

understanding the basis for the cause of action, the Court cannot comment definitively on any statute of limitations issues. (Although the Court acknowledges that it would seem unlikely that a previously unasserted claim that accrued on or around 2008 would still be timely).

For similar reasons, the Court declines to adopt the recommendation of dismissing the Complaint with prejudice. The question of whether to dismiss a barebones complaint with or without prejudice is committed to the Court's discretion. *See Crone-Schierloh v. Hammock*, No. 2:12-cv-410, 2013 WL 12123903, at *3 (S.D. Ohio May 22, 2013) (noting that "a dismissal under Rule 12(b)(6) generally operates as a dismissal with prejudice, unless the district court in its discretion finds that the circumstances warrant otherwise"); *see also Meza v. Dynamic Recovery Sols.*, No. 1:22-cv-179, 2022 WL 2065076, at *2 (S.D. Ohio June 8, 2022) (dismissing complaint without prejudice for failing to satisfy *Twombly* and *Iqbal*).

Especially given that Black is proceeding pro se, and that he may not have been aware of the pleading standards in federal court, the Court will **DISMISS** his case, but do so **WITHOUT PREJUDICE**. That will allow Black an opportunity to refile his action if he can state a claim that meets federal pleading standards (and is timely).

Black's current Complaint, however, does not cut it. For the reasons above, the Court **ADOPTS** the recommendation in the R&R (Doc. 4) to dismiss Black's Complaint (Doc. 3), but **DISMISSES** the matter **WITHOUT PREJUDICE**. The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this

Order would not be made in good faith, thereby **DENYING** Black leave to appeal in forma pauperis.

The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** and **TERMINATE** this matter on the Court's docket.

**SO ORDERED.**

December 12, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

5